IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

COW CREEK BAND OF UMPQUA
TRIBE OF INDIANS,

        Petitioner,

   v.

CONFEDERATED TRIBES OF
SILETZ INDIANS OF OREGON,

        Intervenor.

Civ. No. 1:14-cv-00324-PA

**ORDER**

**PANNER**, District Judge:

   This matter comes before the Court on Intervenor Confederated Tribes of Siletz Indians of Oregon's Motion to Intervene in the perpetuated deposition testimony of Dr. Stephen Dow Beckham (#4).

### Background

   On August 18, 2014, Petitioner Cow Creek Band of Umpqua Tribe of Indians filed a petition to take the deposition of Dr. Stephen

1 - ORDER

Dow Beckham in order to perpetuate his testimony in anticipation of a civil action in federal court (#1). The anticipated action involves an application for the United States to accept approximately 2.4 acres of land in Medford, Oregon, to be held in trust for the Coquille Tribe for gambling purposes.

Dr. Beckham is a noted expert on the history of Southwestern Oregon Tribes. Petitioner seeks to use Dr. Beckham's testimony to establish that the Coquille Tribe lacks sufficient aboriginal or historical connection to the disputed property. Dr. Beckham is 73 years old and apparently in poor health and Petitioner is uncertain that Dr. Beckham will be available when the controversy becomes ripe for litigation. On September 17, 2014, I granted the petition (#4).

## Discussion

This is a very unusual case. Rule 27 requires that the petitioner serve each expected adverse party with a copy of the petition and a notice stating the time and place of the hearing. Fed. R. Civ. P. 27(2). Intervenor claims an interest in the anticipated litigation adverse to Petitioner, but affirm that they were not served with notice of the perpetuation testimony of Dr. Beckham by Petitioner.

Intervenor seeks to participate in the deposition via a motion brought under Rule 24. Under Rule 24, the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

2 - ORDER

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Petitioner opposes Intervenor's motion on the basis that no action is pending before the Court and that this Court therefore lacks jurisdiction to grant the motion. Intervenor appears to concede that Petitioner's position is technically correct, but argues that it should be allowed to participate in the deposition in the interests of justice. I conclude, however, that it is not necessary to resolve this issue on the basis of Intervenor's Motion under Rule 24.

District courts are granted wide discretion in crafting orders to perpetuate testimony under Fed. R. Civ. P. 27. <u>Martin v. Reynolds Metals Corp.</u>, 297 F.2d 49, 57 (9th Cir. 1961). The Court is similarly empowered, upon a proper showing, to make changes in a previously entered order perpetuating testimony for the protection of adverse parties. <u>Id.</u>

I am satisfied, based on the record, that Intervenor has made a sufficient showing that it is an adverse party to Petitioner and that its interests will not be adequately represented by any of the parties already served pursuant to Rule 27. I conclude that my previously issued Order (#4) should be amended to permit Intervenor to participate in the deposition of Dr. Stephen Beckham. Such an amendment will serve to protect Intervenor's interest in the anticipated litigation, thereby rendering the Motion to Intervene (#6) MOOT.

3 - ORDER

## Conclusion

My previously issued Order of September 17, 2014 (#4) shall be amended as follows:

Intervenor Confederated Tribes of Siletz Indians of Oregon shall be permitted to participate in the deposition of Dr. Stephen Dow Beckham and shall be permitted to cross-examine the witness.

IT IS SO ORDERED.

DATED this ___8___ day of January, 2015.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE